Mason, J.
This is an action of tort in which the plaintiff seeks to recover damages for injuries sustained by the plaintiff, when she slipped and fell, while shopping in the defendant’s store. The fall was occasioned by slipping on a piece of red cellophane.
The issues as stated in the plaintiff’s brief are:
Whether or not there was sufficient evidence to warrant a finding that the presence of the substance upon which the plaintiff slipped was in any way due to the defendant’s *195 negligence. A subordinate question arises as to whether or not the employees standing behind the counters had a duty to observe and remove this substance while it was lying in the aisle.
These issues are raised by the following requests for rulings:
“6. Upon all the evidence most favorable to the plaintiff an inference may be drawn from the place and appearance of the cellophane paper and the amount of people in the store at the time of the accident, that it had been on the floor for such a period of time and in such a place that it would have been seen and removed prior to the accident by the employees of the defendant, if they had performed their duty.
“7. In the absence of evidence that any employee of the defendant or any other person or persons had a duty to observe and cause to be removed whatever would interfere in the aisles with the safety of prospective customers, such a duty devolved upon everyone of the defendant’s employees.”
“9. When a piece of red cellophane paper, four by six inches long is lying on the floor in an aisle used by prospective customers and in a place in full view of several employees of the defendant and there are few customers in the store and the piece qf red cellophane paper is marked with many heel marks and lying on the floor directly beneath and aside of a counter on which there are many other pieces of cellophane paper exactly the same in color, size and consistency as the one on the floor, an inference may be drawn that the defendant was negligent in failing to observe and remove the piece of cellophane paper prior to the time a prospective customer slipped and fell on it.”
The Trial Court found for the defendant, and made this statement:
“I find that upon all the evidence that no negligent act on the part of the defendant, its employees, agents *196 or servants, contributed to or caused the plaintiff’s injury.”
As to the sixth request the Trial Court made the following statement:
“6. Denied. I find that the plaintiff has not sustained the burden of proving that the cellophane paper had remained on the floor an unreasonable length of time.”
As to the ninth request the Trial Court made the following statement:
“9. Denied. Upon all the evidence, I find that the Plaintiff has not sustained the burden of proving that a piece of cellophane paper had remained on the floor for an unreasonable length of time for the defendant’s agents or employees to have observed it and removed it.”
It was admitted at the hearing that these positive findings were justified by the evidence. It is immaterial whether any other findings would have been warranted. The most recent statement of the principle here involved is found in the case of Strong v. Haverhill Electric Co., Mass. A. S. (1938) 345. In that case the Trial Court had refused to rule that the evidence warranted a finding in favor of the plaintiff. The opinion concludes with the following language — “In this case, however, the refusal of the requested ruling did not deprive the plaintiff of that right. The judge did consider the evidence upon the crucial question of fact, and found as follows: ‘In the light of all the circumstances I do not find that the defendant was negligent in the construction or maintenance of the manhole. ’ That finding supported and indeed required the general finding for the defendant. The result of the case does not depend upon the refusal to rule and the ruling implied in that refusal. Cameron v. Buckley, Mass. Adv. Sh. (1938) 311. It *197 is therefore of no consequence, and we do not decide, whether the evidence warranted a finding for the plaintiff or not.”
The action of the Trial Court on the seventh request is indicated by the single word “Denied”. This request was rightly refused. The duty of an employee is chiefly a question of fact rather than of law. There was no evidence that any particular employee was charged with the duty of seeing that the floor was kept clean. The reasons given by the Trial Court for refusing the sixth and ninth requests show that the Trial Court did not find any facts imposing upon the employees of the defendant any duty to observe or to remove the offending slip of cellophane.
We find no prejudicial error in the refusal to rule as requested. The report must be dismissed.